Peter GAETA, Plaintiff,

v.

COMPAGNIE MARITIME BELGE (LLOYD ROYAL) S.A., Defendant and Third-Party Plaintiff,

v.

BAY RIDGE OPERATING CO., INC., Third-Party Defendant.

No. 69 Civ. 2689.

United States District Court, S. D. New York.

June 8, 1973.

Standard, Weisberg, Heckerling & Rosow, New York City, for plaintiff; Stanley Solomon, New York City, of counsel.

Hill, Betts & Nash, New York City, for defendant and third-party plaintiff; John F. X. McKiernan, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for third-party defendant; Daniel Dougherty, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This is a motion by third-party defendant, Bay Ridge Operating Co. Inc. ("Bay Ridge"), for an order pursuant to Rule 12, Fed.R.Civ.P., dismissing this action for lack of subject matter jurisdiction and for an order pursuant to Rule 56, Fed.R.Civ.P., granting defendant summary judgment. In the alternative, Bay Ridge moves for an order pursuant to Rule 42(b), severing the third-party action. Defendant and third-party plaintiff, Compagnie Maritime Belge (Lloyd Royal) S.A., joins in Bay Ridge's motion for dismissal based on the lack of subject matter jurisdiction and for summary judgment, and moves in its own behalf for the same relief. Defendant opposes the motion for a severance.

The action was commenced by plaintiff, a longshoreman employed by Bay Ridge, to recover damages for injuries sustained while moving pallets from the SS Lusambo. Plaintiff asserted causes of action for unseaworthiness and for negligence. Plaintiff conceded in a deposition that he had never been aboard the vessel but was engaged in loading cargo the day of the accident. Plaintiff testified that during the course of his activities, empty pallets were taken off the ship by a winch operated by Bay Ridge employees and deposited on the pier on top of cargo. Plaintiff noticed these pallets were not stable. He moved some of them to a nearby shed and then tried to stabilize those remaining by pushing them while holding on to the boom of his hilo. The pallets fell off the pile and hit plaintiff in the leg.

Defendant and third-party defendant rely on Victory Carriers v. Law, 404 U. S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971), for their assertion that plaintiff's unseaworthiness claim should be dismissed for lack of subject matter jurisdiction. There, plaintiff, a longshoreman, was on a pier driving a fork lift containing cargo to be loaded on a vessel owned by defendant. The overhead protection rack of the fork lift fell on plaintiff causing his injury. The Supreme Court framed the issue as follows:

> (W)hether maritime law governs accidents suffered by a longshoreman who is injured on the dock by allegedly defective equipment owned and operated by his stevedore employer. *Id.* at 204, 92 S.Ct. at 420.

The Court determined that maritime law does not govern such an accident. Since the plaintiff

> was not injured by equipment that was part of the ship's usual gear or that was stored on board, the equipment that injured him was in no way attached to the ship, the forklift was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gangplank(,) *Id.* at 213–214, 92 S.Ct. at 426.

the Court was "not inclined . . . to disturb the existing precedents and to extend shoreward the reach of the maritime law. . . . *Id.* at 211, 92 S.Ct. at 425.

Plaintiff argues that the facts here are distinguishable from those in *Victory Carriers*. He asserts that here pallets were unloaded from the ship in a negligent manner.[1] In support, plaintiff cites Siderewicz v. Enso-Gutzeit O/Y, 453 F.2d 1094 (2d Cir. 1972). There, a longshoreman stationed on the pier was injured during the unloading of a vessel when one of the hooks, after being freed of bales in the unloading process, snagged on part of the pier as the empty sling to which it was attached was being returned to the vessel. *Id.* at 1094.

The longshoreman contended the hook "snagged" because of improper unloading. The Second Circuit distinguished *Victory Carriers* as follows:

> (In *Victory Carriers* there) was a "pier-side accident(s) caused by a stevedore's pier-based equipment" (92 S.Ct. 421); here, the harm was caused by unloading gear operating from the ship. . . . *Id.* at 1095, n. 3.

Apparently plaintiff claims that because his accident was not caused by pier-based equipment, his case should come under the *Siderewicz* exception to *Victory Carriers*. However, plaintiff's accident was not caused by unloading gear operating from the ship as in *Siderewicz*. In fact, he was not struck by any of the ship's equipment. Rather, as stated above, his injury arose from pallets taken off the ship and already at rest on the pier. Thus, the facts of this case are dissimilar to both those of *Victory Carriers* and *Siderewicz*. After careful consideration, however, the Court is constrained to find the accident more like the pier-side accident in *Victory Carriers* than the accident in *Siderewicz*.

Undamaged pallets at rest on a pier, albeit unstably so, should not render the condition of a vessel from whence they came unseaworthy.[2] The pallets did not fall directly from the vessel injuring plaintiff, a situation possibly within the *Siderewicz* nexus of facts. This distinction, like others in this area of admiralty law may appear highly

---

1. In defendant's memorandum in support of its motion it quotes from plaintiff's answer to interrogatories. There, plaintiff indicated that the injury was not due to any defect in, or *defective operation* of, any appliance, equipment or gear on the vessel. Presumably plaintiff does not consider "defective operation" to include negligent operation by an employee of the stevedore.

2. There were no defective cargo containers here as in Gutierrez v. Waterman S.S. Co., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed. 2d 297 (1963).

technical; nevertheless distinctions in this area are not a "recent development nor particularly paradoxical." *Victory Carriers*, 404 U.S. at 212, 92 S.Ct. 418. Furthermore, as in *Victory Carriers*, plaintiff had a remedy under state workmen's compensation laws, and, in fact, exercised it. While not conclusive, the availability of this remedy was a factor in the Court's decision in *Victory Carriers*. *Id.* at 215, 92 S.Ct. 418. As there, the shipowner's liability here would probably be shifted to the third-party defendant by way of indemnification. Thus, as in *Victory Carriers* the workmen's compensation law would be circumvented by a finding of unseaworthiness here.[3]

Accordingly, plaintiff's unseaworthiness claim must be dismissed.

■■ Defendant and third-party defendant also move for summary judgment on plaintiff's cause of action in negligence. As already discussed, it is uncontested that the pallets were discharged by Bay Ridge. An employer of an independent contractor is not liable for injuries which result from negligence in operation of machinery in possession and control of the independent contractor or his servants. Williams v. Prudential-Grace Lines, 71 Civ. 3737, April 25, 1972, (citing New York cases). Defendant had no duty to supervise Bay Ridge's work to see that it was done in a safe manner. See Filipek v. Moore-McCormack Lines, 258 F.2d 734, 737 (2d Cir. 1958), cert. denied, 359 U.S. 927, 79 S.Ct. 605, 3 L.Ed.2d 629 (1959).

■ In addition, the Court agrees with defendant that a failure of the shipowner to warn plaintiff was not causally related to his injury. Plaintiff already had knowledge of the unstable condition of the pallets as demonstrated by his shouting up to the ship, "the pallets are coming down unstabilized," and by his attempt to straighten them.

In conclusion, viewing the facts most favorably to plaintiff, the Court concludes that summary judgment on plaintiff's negligence claim must be granted. .

Accordingly, the complaint is dismissed. It is so ordered.

---

3. In addition, ignoring the pier-side limitation to admiralty jurisdiction discussed above, the Court is still not convinced that an admiralty claim is stated here. Assuming there was negligence in the manner of depositing the pallets on the pier, as noted above, the pallets were discharged from the vessel by Bay Ridge employees. The Court is not persuaded that the negligence of plaintiff's fellow longshoremen, as distinguished from the vessel's "condition, appurtenances and crew" would render the vessel unseaworthy. See, Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971); but see, Crumady v. The Joachim Hendrik Fisser, 358 U.S 423, 427–428, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959).